UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| DAVID MACKEL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) 14-3114 |
| | ) |
| SHAN JUMPER, *et al.* | ) |
| | ) |
| Defendants. | ) |

## SUMMARY JUDGMENT OPINION

SUE E. MYERSCOUGH, U.S. District Judge:

Plaintiff, proceeding pro se and presently civilly committed at Rushville Treatment and Detention Facility, brought the present lawsuit pursuant to 42 U.S.C. § 1983 alleging Fourteenth Amendment Claims for failure to provide adequate mental health treatment. The matter comes before this Court for ruling on the Defendants' Motions for Summary Judgment. (Doc. 36). The motion is granted.

## PRELIMINARY MATTERS

### Motion to File Documents Under Seal (Doc. 37)

Defendants filed a Motion to File Documents under seal. (Doc. 37). Defendants seek to file a copy of Plaintiff's treatment records

from Rushville Treatment and Detention Facility under seal. Plaintiff has not opposed this motion.

Nonetheless, the Court must make its own determination as to whether good cause exists for sealing the record.  See Bond v. Utreras, 585 F.3d 106, 1068 (7th Cir. 2009); Citizens First National Bank of Princeton v. Cincinnati Ins. Co., 178 F.3d 943, 944 (7th Cir. 1999)(court must makes its own determination whether good cause exists for sealing the record, despite the parties' agreement); CDIL Local Rule 5.10(2)("The Court does not approve of the filing of documents under seal as a general matter.  A party who has a legal basis for filing a document under seal without a prior court order must electronically file a motion for leave to file under seal.").

Upon review, the documents in question detail Plaintiff's mental health treatment and diagnosis for the relevant time period. The documents also contain tangential information not relevant to these proceedings and disclosure of this information into the public realm serves no legitimate interest.  Accordingly, Defendants' Motion for Leave to File is granted.  (Doc. 37).

Plaintiff filed a Motion to Strike Response.  (Doc. 45).  In this motion, Plaintiff seeks to strike his previous response to the

Defendants' motion for summary judgment (Doc. 43). The Defendants have raised no objection to this motion. Therefore, Plaintiff's motion is granted to the extent that it seeks the Court to consider only the response filed on January 21, 2016. (Doc. 46).

## LEGAL STANDARD

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). All facts must be construed in the light most favorable to the non-moving party, and all reasonable inferences must be drawn in his favor. Ogden v. Atterholt, 606 F.3d 355, 358 (7th Cir. 2010). The party moving for summary judgment must show the lack of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). In order to be a "genuine" issue, there must be more than "some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

## FACTS

Plaintiff is civilly committed at Rushville Treatment and Detention Facility ("Rushville" or "TDF") pursuant to the Illinois Sexually Violent Persons Commitment Act, 725 Ill. Comp. Stat. § 207/1 *et seq.* At all times relevant, the Defendants were employed at the TDF and part of Plaintiff's treatment team.

Treatment at the TDF is voluntary. A resident must consent to treatment before treatment can begin and may withdraw such consent at any time by notifying TDF officials that he no longer consents or by not attending treatment sessions. Generally speaking, each stage in the treatment plan is designed to incorporate and apply skills learned during previous stages of treatment. Advancement through the program is determined on an individualized basis.

This lawsuit revolves around Plaintiff's enrollment in, and subsequent removal from, a treatment group known as Disclosure Group. UMF 106. The Defendants were the co-facilitators of this particular group, and Plaintiff's enrollment began in 2011. UMFs 37-38. Plaintiff does not dispute the majority of undisputed facts presented by the Defendants. Compare (Doc. 36), with (Doc. 46).

Beginning in the early part of 2012, Plaintiff's treatment team noted that Plaintiff seemed receptive to feedback from others, but continued to struggle with certain aspects of his treatment. In particular, Plaintiff struggled with thinking errors and minimization of the harm that he caused. UMFs 41, 42. Plaintiff was also encouraged to refrain from using inappropriate humor and making side comments while others were speaking during group sessions. UMF 43. Plaintiff showed some improvement during 2012, but his treatment team noted that he continued to struggle with engrained distortions and a lack of accountability. UMFs 48, 50-55.

In October 2012, Plaintiff became less receptive to feedback following a change in his housing situation that resulted in the reassignment of his long-time roommate. Plaintiff demonstrated increased defensive behavior, lack of accountability, and disruptive group behavior. UMFs 56-58. Plaintiff also missed a Disclosure Group session. UMF 59.

Defendants addressed Plaintiff's behavior and informed him of his group members' frustrations with his conduct.[1]  UMF 60.

---

[1] Plaintiff disputes allegations regarding his romantic involvement with a former roommate, but does not dispute that these concerns were communicated to him. See (Doc. 46, ¶ 60).

Plaintiff thereafter identified treatment goals to work on and agreed to a two-week probationary period to work on same.[2]  UMFs 62, 63.  Plaintiff failed to show progress towards these goals during his probationary period and was thereafter referred to the Power to Change Group.  UMFs 64-67.

Plaintiff's participation in Disclosure Group was deferred pending successful completion of the Power to Change group.  UMF 74.  Defendants made this decision because, in their opinion, Plaintiff could reap no further benefits from Disclosure Group until he addressed underlying issues the Power to Change group was designed to address.  UMF 68, 69-71.  Plaintiff's treatment status did not change as a result of this referral—he retained a primary therapist and was still receiving treatment.  UMF 72.

Plaintiff attended one session of the Power to Change group in November 2012.  UMF 79.  Several times thereafter, he indicated a desire to withdraw consent for treatment and demonstrated this desire by failing to attend group sessions in December 2012 and January 2013.  UMFs 77, 78, 82, 84.  Plaintiff was placed on non-

---

[2] Plaintiff does not dispute that these goals were made, but states that he only told Defendants what "they wanted to hear to get them off my back."  See (Doc. 46, ¶ 62).

treatment status in January 2013 for failure to participate in any treatment offering.  UMF 85.

Plaintiff reengaged in the treatment process in March 2013 by enrolling in Tactics group.  UMF 86.  He continued to participate in some group treatment through May 2013, including the Power to Change group, but he later withdrew from that group.  UMFs 87-89.  After completion of Tactics group, Plaintiff stopped participating in groups.  UMFs 90-91.

Plaintiff was moved to non-treatment status in June 2013.  UMF 92.  Plaintiff admits that he has "pretty much" been on non-treatment status since that time.  UMF 156.  Plaintiff admits his treatment team has discussed with him a plan to reengage in treatment, but Plaintiff is not currently participating in sex-offender treatment.  UMFs 157-166.

## ANALYSIS

Plaintiff is entitled to adequate treatment for his serious mental disorder, as determined by an appropriate professional exercising professional judgment.  See Youngberg v. Romeo, 457 U.S. 307, 323 (1982) (decisions by professionals working at mental health institution are afforded deference and violate the

Constitution only if professional judgment not exercised).  Plaintiff is not entitled to dictate the treatment he receives.  Plaintiff's constitutional rights are violated only if the treatment decisions are a "substantial departure from accepted professional judgment." Sain v. Wood, 512 F.3d 886, 894-95 (7th Cir. 2009).

Plaintiff's removal from Disclosure Group was not a rash decision.  Plaintiff demonstrated behavior that the Defendants deemed detrimental to his progress in treatment, and the Defendants attempted to address those problems with Plaintiff before any decision to remove him from Disclosure Group was made.

After several months of demonstrated detrimental behavior, the Defendants placed Plaintiff on a probationary status with the understanding that unless Plaintiff showed improvement in specific areas his participation in Disclosure Group would be deferred. Plaintiff did not show improvement and now admits that he only agreed to the specified goals to "get [the defendants] off his back." (Doc. 46, ¶ 62).  Only then was Plaintiff removed from Disclosure Group.

At that point, the Defendants outlined what Plaintiff needed to do to return. Plaintiff appeared agreeable to that route at first, but later withdrew his consent to create some form of negotiating leverage to dictate the specific type of treatment he wanted. Pl.'s Dep. 58:23-59:4. From that point on, Plaintiff's participation in treatment was sporadic at best.

Nothing in the record now suggests that the Defendants failed to exercise appropriate professional discretion in making the treatment decisions that ultimately led to this lawsuit. Accordingly, the Court finds that no reasonable juror could conclude that the Defendants violated Plaintiff's constitutional rights.

**IT IS THEREFORE ORDERED:**

1) **Plaintiff's Motion to Strike [45] is GRANTED as detailed above.**

2) **Defendants' Motion for Leave to File Documents Under Seal [37] is GRANTED.**

3) **Defendants' Motion for Summary Judgment [36] is GRANTED. The clerk of the court is directed to enter judgment in favor of Defendants and against Plaintiff. All pending motions not addressed in this Opinion are denied as moot, and this case is terminated, with the parties to bear their own costs.**

4) **If Plaintiff wishes to appeal this judgment, he must file a notice of appeal with this Court within 30 days of the**

**entry of judgment. Fed. R. App. P. 4(a)(4). A motion for leave to appeal in forma pauperis MUST identify the issues the Plaintiff will present on appeal to assist the court in determining whether the appeal is taken in good faith. See Fed. R. App. P. 24(a)(1)(c); see also Celske v Edwards, 164 F.3d 396, 398 (7th Cir. 1999)(an appellant should be given an opportunity to submit a statement of his grounds for appealing so that the district judge "can make a reasonable assessment of the issue of good faith."); Walker v. O'Brien, 216 F.3d 626, 632 (7th Cir. 2000)(providing that a good faith appeal is an appeal that "a reasonable person could suppose…has some merit" from a legal perspective). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee regardless of the outcome of the appeal.**

ENTERED:     July 12, 2016.

FOR THE COURT:

                     *s/Sue E. Myerscough*
                     SUE E. MYERSCOUGH
          UNITED STATES DISTRICT JUDGE